# BACOME v. BLACK.

## S. F. No. 2399; October 29, 1902.

### 70 Pac. 620.

**Money Lent.—In an Action to Recover Money Loaned, a Find-** ing that the money was loaned defendant and another jointly, and that defendant promised to repay the same, is not inconsistent, so as to be insufficient to support a judgment for plaintiff.

**Money Lent—Evidence.—In an Action for Money Loaned, it** was contended by defendant that the credit was given and the money loaned another. Plaintiff showed the loan was brought about by the other, but that defendant got the money to assist him in purchasing a newspaper route. Held, not prejudicial error to admit testimony that on the following day plaintiff loaned defendant a sum to make up the amount necessary to purchase the route.

APPEAL from Superior Court, City and County of San Francisco; J. C. B. Hebbard, Judge.

Action by Sarah Bacome against Thomas Black. From a judgment for plaintiff, and from an order denying a new trial defendant appeals. Affirmed.

Arnold W. Liechti for appellant; Rodgers, Paterson & Slack (J. E. Barry of counsel) for respondent.

CHIPMAN, C.—Action to recover $1,000 alleged to have been loaned by plaintiff to defendant, at the latter's instance, upon agreement to pay the same within six months. It is alleged that plaintiff has frequently demanded and as often defendant has refused payment. The complaint is verified, and the answer denies its allegations specifically and denies any indebtedness. Plaintiff had judgment, and defendant appeals from the judgment and order denying his motion for a new trial. The court found the following facts: (1) "That on August 28, 1897, . . . . plaintiff did, at the special instance and request of defendant and Jeanie Black, loan and deliver to defendant and Jeanie Black jointly the sum of $1,000"; (2) "defendant promised to repay the same to plaintiff, with interest, within six months from date"; (3) "that plaintiff has demanded of defendant at various times the payment of said amount since the same became due, but that defendant has failed and refused to pay the same, or any part thereof, or the interest thereon."

1. It is claimed that the findings do not support the judgment, for the reason that the court found (finding 1) that the loan, which is the basis of the suit, was made to two persons (defendant and another) jointly at their request, but fails to find a breach of contract (nonpayment of the debt) on the part of both parties, the debtors (finding 3). The action is against one of the parties to whom the loan of $1,000 was made, and as to the one sued (defendant) the court found that he alone and not both, "promised to repay the same to plaintiff, with interest" (finding 2). The breach was the failure to pay the money when due, as promised. There is no allegation in the complaint that Jeanie Black agreed to pay anything, and there is no finding that she so agreed. The promise of defendant to pay the amount is not inconsistent with the fact found that plaintiff furnished the money to both jointly.

2. It is claimed that the evidence does not support the findings. It appears from the testimony that defendant desired to purchase an "Examiner" route in San Francisco, but had not the money necessary to do so. His sister Jeanie undertook to borrow $1,000 for defendant for this purpose from plaintiff, who was then an unmarried servant girl, named Sarah O'Connor. Plaintiff testified that she went with Jeanie to the Hibernia Bank and drew out the money. "Mr. Black [defendant] was waiting outside of the bank for us to come out." When the two came out Black said: "Sarah, I am much obliged to you for your kindness. It is doing me a great favor." It appeared from the testimony of other witnesses that Black got the money and used it to purchase the route. Plaintiff testified "that the money was loaned to Miss Black to give to her brother to purchase the 'Examiner' route." There is evidence tending to show that Black acknowledged the indebtedness and promised to settle it. There is some evidence tending to show that plaintiff gave the credit to Jeanie, and looked to her, and not to her brother, the defendant. At the same time it is clear that the money was obtained for and was used by defendant. Jeanie had no use for the money, and acted only as an intermediary or agent for her brother. The evidence is perhaps sufficient to show that Jeanie was also liable, but not necessarily to the exclusion of defendant's liability. The defendant offered no evidence, but rested wholly on plaintiff's failure of proof. Considering all the facts as testified to by plaintiff's witnesses, we think there was sufficient evidence to justify the findings of the court.

3. Maggie Larsen, a witness, testified that on the day following the day on which defendant got the money from plaintiff she loaned him $450 to make up the amount necessary to complete the purchase of the route. An objection to the testimony as immaterial and irrelevant was overruled, and defendant claims that the ruling was error. We can not see that the evidence was material. Neither can we say that it was prejudicial error to admit it.

The judgment and order should be affirmed.

We concur: Haynes, C.; Cooper, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.